PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:12-cr-00217 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JOSE PONCE-TORRES, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

This matter is before the Court upon Magistrate Judge George J. Limbert's Report and Recommendation ("R&R") that the Court accept Defendant Jose Ponce-Torres' ("Defendant") plea of guilty and enter a finding of guilty against Defendant.  ECF No. 19.

On April 24, 2012, the Government filed an Indictment against Defendant alleging one count in violation of 8 U.S.C. § 1326, illegal re-entry.  ECF No. 12.  At arraignment on May 11, 2012, before Magistrate Judge Greg White, Defendant, with the assistance of a Spanish interpreter, entered a not guilty plea as to Count 1, the sole count of the indictment charging Defendant.  Thereafter, the Court was notified of Defendant's intent to enter a guilty plea and issued an order referring the matter to Magistrate Judge Limbert for the purpose of receiving Defendant's guilty plea.  ECF No. 16.

A hearing was held on June 19, 2012 before Magistrate Judge Limbert during which Defendant, with the assistance of a Spanish interpreter, consented to the order of referral (ECF No. 18) and entered a guilty plea as to Count 1, the sole count of the Indictment.  Magistrate

(1:12-cr-00217)

Judge Limbert received Defendant's guilty plea and issued a report recommending that this Court

accept Defendant Ponce-Torres' plea and enter a finding of guilty.  ECF No. 19.

The time limitation to file objections to the Magistrate Judge's report and

recommendation has expired and neither party has filed objections or requested an extension of

time.

Fed. R. Crim. P. 11(b) states:

Before the court accepts a plea of guilty or nolo contendere, the defendant may be
placed under oath, and the court must address the defendant personally in open
court. During this address, the court must inform the defendant of, and determine
that the defendant understands, the following: (A) the government's right, in a
prosecution for perjury or false statement, to use against the defendant any
statement that the defendant gives under oath; (B) the right to plead not guilty, or
having already so pleaded, to persist in that plea; (C) the right to a jury trial; (D)
the right to be represented by counsel—and if necessary have the court appoint
counsel—at trial and at every other stage of the proceeding; (E) the right at trial to
confront and cross-examine ad-verse witnesses, to be protected from compelled
self-incrimination, to testify and present evidence, and to com-pel the attendance
of witnesses; (F) the defendant's waiver of these trial rights if the court accepts a
plea of guilty or nolo contendere; (G) the nature of each charge to which the
defendant is pleading; (H) any maximum possible penalty, including
imprisonment, fine, and term of supervised release; (I) any mandatory minimum
penalty; (J) any applicable forfeiture; (K) the court's authority to order restitution;
(L) the court's obligation to impose a special assessment; (M) in determining a
sentence, the court's obligation to calculate the applicable sentencing-guideline
range and to consider that range, possible departures under the Sentencing
Guidelines, and other sentencing factors under 18 U.S.C. §3553(a); and (N) the
terms of any plea-agreement provision waiving the right to appeal or to
collaterally attack the sentence.

The undersigned has reviewed the transcript and the Magistrate Judge's Report and

Recommendation and finds, that in his careful and thorough proceeding, the Magistrate Judge

satisfied the requirements of Fed. R. Crim. P. 11 and the United States Constitution.   Defendant

was placed under oath and determined to be competent to enter a plea of guilty.  Defendant was

(1:12-cr-00217)

made aware of the charges and consequences of conviction and his rights and waiver thereof.

The Magistrate Judge also correctly determined that Defendant had consented to proceed before

the Magistrate Judge, and then Defendant tendered his plea of guilty knowingly, intelligently and

voluntarily.  Furthermore, the Magistrate Judge also correctly found that there was an adequate

factual basis for the plea of guilty.

　　　　Upon *de novo* review of the record, the Magistrate Judge's Report and Recommendation

is adopted.  The Defendant is adjudged guilty of Count 1 of the Indictment, illegal re-entry in

violation of 8 U.S.C. § 1326.


　　　　IT IS SO ORDERED.


　July 9, 2012　                             　 */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                          United States District Judge